Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Avant Diagnostics, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-243-ELG |
| | ) | (Chapter 11) |
| AVANT DIAGNOSTICS, INC. | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION (I) TO DEFER CONSIDERATION OF ADEQUACY OF
DISCLOSURE STATEMENT TO CONFIRMATION HEARING; AND
(II) TO PERMIT NOTICE TO CERTAIN PARTIES BY
ELECTRONIC MAIL; AND (III) TO HOLD CONFIRMATION HEARING**

Comes now Avant Diagnostics, Inc. ("Avant" or the "Debtor"), by and through undersigned counsel, pursuant to Section 105(d)(2)(B)(vi) of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 2002(d), and moves this Honorable Court to (i) defer consideration of the disclosure statement (the "Disclosure Statement," as found at DE #34) to a hearing on confirmation of the plan associated therewith (the "Plan," as found at DE #34-1); (ii) permit service on certain parties by electronic mail ("e-mail"); and (iii) hold a confirmation hearing, on the Plan, and in support thereof states as follows:

I.      **Introduction**

The Debtor is a former publicly traded company with approximately 306 known equity holders as of present. While Avant has identities for all of these parties in interest, the Debtor does not actually have mailing addresses for roughly 77 of them – having only e-mail addresses for 75

1

equity holders and not having any contact information for two equity holders. Thus, with a plan and disclosure statement now on file in this case, the Debtor would very much like to move ahead with the balloting of creditors and the service of all parties in interest, but must ask leave to establish means of providing notice.

Equally, with this being a case that has seen scant participation from other parties (notwithstanding being the byproduct of an involuntary petition and, equally, notwithstanding the Debtor's former publicly traded status), notions of judicial economy appear to be well served by deferring consideration of the Disclosure Statement until a hearing on confirmation of the Plan. A prompt resolution is fitting for this matter and, consistent with the express allowances of Title 11 of the United States Code (the "Bankruptcy Code"), consolidating these two manners will aid in the expedient delivery of such a resolution.

For these reasons and as extrapolated upon *infra*, it is respectfully requested that consideration of the Plan be expedited through (i) deferring consideration of the Disclosure Statement to a confirmation hearing; (ii) permitting service on certain equity holders via e-mail; and (iii) scheduling a hearing on approval and confirmation.

**II.    Background**

While the contours of this case are, by now, well known to all involved, a brief summary pertinent facts and events provides as follows:

1. An involuntary petition for relief was filed against the Debtor on August 29, 2023. DE #1.

2. Shortly thereafter, the Debtor confessed insolvency. DE #3.

3. Schedules were filed less than a month later, on September 28, 2023. DE #19.

4.  The Plan and Disclosure Statement were docketed on the first business day of 2024. DE #35.

5.  The claims bar date for non-governmental creditors elapsed less than a week later, on January 8, 2023. DE #8.

**III.    Argument: Consideration of the Disclosure Statement Should be Deferred**

This, no doubt, had the potential to be a raucous case. The Debtor entered bankruptcy on the eve of a state court trial, was ushered into Chapter 11 through an involuntary petition, and has – quite literally – hundreds of shareholders. Yet, courtesy of the calm resolve of Avant's insider, and through the cooperative efforts of multiple interested parties, this case has proceeded evenly and methodically, without so much as a single contested matter. Such, no doubt, bodes well for confirmation of the Plan. But such also militates in favor of allowing all parties in interest to raise objections to the adequacy of the Disclosure Statement at a hearing on Plan confirmation; this is not a case where it appears likely any such objections are to be forthcoming and, to the contrary, this is a case where all parties in interest would seemingly benefit from closure as soon as practicable.

The Bankruptcy Code expressly contemplates that consideration of the adequacy of a disclosure statement may be deferred to a confirmation hearing:

> The court, on its own motion or on the request of a party in interest … may issue an order … prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that … provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

11 U.S.C. § 105(d).

The standard is accordingly not "for cause shown" or even "for good cause shown" but, rather, the seemingly much lower threshold of "deems appropriate." Consideration of the adequacy of a disclosure statement, at the time of confirmation, has become a norm (albeit one defined by

3

Case 23-00243-ELG    Doc 38    Filed 01/22/24    Entered 01/22/24 23:58:34    Desc Main
Document    Page 4 of 6

myriad exceptions) in many Chapter 11 cases of late. And it certainly seems "appropriate" to follow that route *sub judice*.

Section 105 speaks to matters being handled "expeditiously and economically." Allowing deferred consideration of the Disclosure Statement will achieve precisely those ends in this case. And it is accordingly respectfully urged such relief be afforded.

### IV.     Argument: Notice Should be by Hybrid Means

More than a quarter century has now elapsed since Meg Ryan and Tom Hanks transformed an already-iconic internet service provider audio clip into the stuff of RomCom legend. Along the way, people – especially those with the sophistication requisite to invest in stocks – have largely grown accustomed to checking their inboxes. And, in marked contrast to mailboxes that clutter easily with unsolicited magazines, bills directed to former occupants, and solicitations addressed to "Current Resident," e-mail has become a relatively efficient communication medium, ever-aided by filters directed at Hawaiian meat products. In this case, it is appropriate to permit e-mail to be used for furnishing notice to several equity holders.

Oddly enough, the Federal Rules of Bankruptcy Procedure do not actually delineate "mail" as the preferred means of giving notice to equity security holders. While various notices are, expressly, to be made "by mail," Fed. R. Bankr. P. 2002(a), notices to equity security holders are only to be made "in the manner and form directed by the court," Fed. R. Bankr. P. 2002(d). So while the word "e-mail" certainly does not grace Rule 2002, the distinction between certain notices for which mail is the default standard, and other notices, is surely important.

Here, the Debtor does not have physical addresses for roughly 77 equity holders. If the Debtor needed to serve these parties by mail, counsel would need to expend the time and resources requisite to (i) run a background check on every such equity holder; (ii) sort through records to make sure the proper person (and not just someone with a similar or identical name) has been

4

located; (iii) cull through the various addresses correlative to each such person from public databases; and (iv) hope at least one of those addresses is current. This would presumably incur somewhere in the neighborhood of $10,000.00 to $20,000.00 in legal fees, run up postage costs with multiple addresses, and still only advance a mechanism inferior to e-mail when it comes to giving notice calculated to be actually received.

There are also two equity holders for whom the Debtor has no contact information whatsoever. However, both of these individuals are the kin of the principal of the petitioning creditor in this case. Counsel for the petitioning creditor has indicated a willingness to work to ensure notice is given to these two individuals. And it is accordingly proposed such also be allowed, in the elastic spirit of Rule 2002(d).

### V.  Conclusion

WHEREFORE, Avant respectfully prays this Honorable Court (i) direct Avant to send the Disclosure Statement, the Plan, a copy of the order granting this motion, and, where applicable, a ballot, to all parties on the mailing matrix of this case alongside the United States Securities and Exchange Commission, not later than the second business day after entry of an order granting this motion; (ii) permit service on equity holders to be had via mail *or* e-mail, as the Debtor's records so allow; (iii) direct Avant to promptly file a certificate memorializing such service; (iv) direct any objections to the Plan or Disclosure Statement be filed not later than March 11, 2024; (iv) direct a summary of ballots be filed not later than March 12, 2024; (v) schedule a hearing on consideration of the Disclosure Statement, and confirmation of the Plan, for March 13, 2024 at 11:00 am prevailing eastern time; and (vi) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                                        Respectfully submitted,

Dated: January 22, 2024                        By: /s/ Maurice B. VerStandig
                                                        Maurice B. VerStandig, Esq.
                                                        Bar No. MD18071
                                                        The VerStandig Law Firm, LLC
                                                        9812 Falls Road, #114-160
                                                        Potomac, Maryland 20854
                                                         Phone: (301) 444-4600
                                                        Facsimile: (301) 444-4600
                                                        mac@mbvesq.com
                                                        *Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22nd day of January, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                              /s/ Maurice B. VerStandig
                                                              Maurice B. VerStandig