IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-243-ELG |
| | ) | (Chapter 11) |
| AVANT DIAGNOSTICS, INC. | ) | |
| | ) | |
| Debtor. | ) | |

### AFFIDAVIT OF MICHAEL RUXIN IN SUPPORT OF CONFIRMATION

1. My name is Michael Ruxin, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am the chief executive officer of Avant Diagnostics, Inc. ("Avant" or the "Debtor").

3. I am familiar with the Chapter 11 Plan of Reorganization of Avant Diagnostics, Inc. (the "Plan," as found at DE #34-1) filed in the above-captioned matter, as well as with the business affairs of Avant.

4. To the best of my knowledge, the Plan complies with all applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

5. To the best of my knowledge, Avant has, at all times relevant, been compliant with all applicable provisions of the Bankruptcy Code.

6. The only votes received on the Plan were from NYGW LLC and myself, with both being in favor of confirmation and totaling more than 85% of the allowed claims in this case.

7. The Plan has been proposed in good faith and, more specifically, in furtherance of an earnest effort to ensure the prompt payment of all creditors of Avant, in full, without any undue delay.

1

8. The Plan does not contemplate the payment of any administrative professional claims without court approval and no such payments have been made, without court approval, since the commencement of this case.

9. I will continue in my capacity as the Debtor's chief executive officer and I believe, in good faith, that such is in the best interests of creditors as well as consistent with prevailing public policy inasmuch as I am uniquely familiar with the operations of the Debtor and in the best position to advise the Debtor in connection with implementation of the Plan.

10. No government regulatory commission has jurisdiction over the rates charged by Avant.

11. I have reviewed the liquidation analysis appended to the Plan and believe the Plan will pay to all creditors at least as much as they would receive pursuant to a case under Chapter 7 of the Bankruptcy Code.

12. The Plan contemplates the payment of all priority and administrative claims, with Avant's counsel having agreed to deferred payment terms.

13. The Plan openly contemplates liquidation.

14. All fees incurred pursuant to Section 1930 of Title 28 of the United States Code, in connection with this case, have been paid in full.

15. Avant has no employees aside from myself.

16. Avant is not a natural person.

17. It is my sincere and informed belief that the Plan is fair and equitable, with the Plan being constructed with an emphasis on paying *all* creditors holding allowed claims, in full, as expediently as possible.

18. I do not believe the Plan to discriminate unfairly in any regard and, to the contrary, note that pursuant to the terms of the Plan my equity interest will be paid only after creditors have been paid in full.

19. Further affiant sayeth naught.

Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 4/23/2024

*Michael Ruxin*

Dr. Michael Ruxin