IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:**<br><br>**Avant Diagnostics, Inc.,**<br><br>　　　　　**Debtor.** | **Case No. 23-00243-ELG**<br><br>**Chapter 11** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On August 29, 2023, an involuntary petition was filed against the Debtor. Doc. No. 1.

4. On August 30, 2023, an Order for Relief was entered by this Court. Doc. No. 6.

5. On April 25, 2024, this Court entered an Order Approving Disclosure Statement and Confirming Chapter 11 Plan of Reorganization. Doc. No. 55.

6. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

7.  At the time of filing this Motion, the Debtor has failed to file monthly operating reports for the month of April 2024.

8.  The Debtor has also failed to pay the fees due to the U.S. Trustee's office in the total amount of $502.52 for the first and second quarters of 2024 as of the date of the filing of this Motion. This amount could be higher based on disbursement amounts listed in the delinquent April 2024 monthly operating reports mentioned above.

9.  The Debtor has also failed to file quarterly post-confirmation reports for the second quarterly of 2024.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has failed to file a monthly operating report for April 2024. The Debtor has also failed to file post-confirmation quarterly reports for the second quarter of 2024. Failure to file these reports is grounds for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(K) cause exists where "failure to pay any fees or charges required under chapter 123 of title 28". The Debtor currently is past due paying chapter 11 fees totaling $502.52 for the first and second quarters of 2024. These fees could be greater depending upon the disbursements reported in the missing monthly operating report mentioned above. Failure to pay these fees in a timely and accurate manner are causes for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

September 17, 2024                                       GERARD R. VETTER
                                                        ACTING U.S. TRUSTEE, REGION 4


                                                        By: */s/ Kristen S. Eustis*
                                                        Kristen S. Eustis, Trial Attorney
                                                        Federal Bar No. MD28984
                                                        Office of the United States Trustee
                                                        1725 Duke St., Suite 650
                                                        Alexandria, VA 22314
                                                        (703) 557-7227- Direct Dial
                                                        Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

      I hereby certify that on September 17, 2024, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; hleaphart@mhlawyers.com;fasano.justinr92003@notify.bestcase.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

      I further certify that on September 17, 2024, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| Avant Diagnostics, Inc.<br>1101 Pennsylvania Avenue, Suite 300<br>Washington, DC 20004 | Clear Financial Solutions Inc.<br>c/o Paul Stephen Kirklin, Esq.<br>12600 N. Featherwood Dr., Suite 225<br>Houston, TX 77034 |
| Mahendru P.C.<br>639 Heights Blvd.<br>Houston, TX 77007 | Michael I. Ruxin<br>PO Box 869<br>Morrison, CO 80465 |
| NYGW LLC<br>10365 Collins Avenue<br>Miami Beach, FL 33140 | Steven Plumb<br>c/o Paul S. Kirklin, Esq.<br>12600 N. Featherwood Drive, Suite 225<br>Houston, TX 77034 |
| Theralink Technologies, Inc.<br>15000 W 6th Avenue, Suite 400<br>Golden, CO 80401 | Vstock Transfer, LLC<br>18 Lafayette Place<br>Woodmere, NY 11598 |

                                            */s/ Robert W. Ours*
                                            Robert W. Ours
                                            Paralegal Specialist